1
2
3
4
5

6      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
7                 AT SEATTLE

8   THE LEDGE DISTRIBUTION, LLC,

9           Plaintiff,

10          v.                                    Case No.  C13-0328RSM-RSL

11  DOES 1 - 43,                                  ORDER TO SHOW CAUSE AND
                                                  QUASHING SUBPOENAS
12          Defendants.

13

14

15          This action was filed on February 20, 2013.  It is one of forty-eight

16  copyright infringement actions filed during a four month period by attorney Richard J.

17  Symmes against approximately 2,323 individual Doe defendants.  The forty-three

18  defendants in this case are represented by IP addresses linked to on-line sharing of the

19  movie "The Ledge" between 10:52 pm on November 21, 2012, and 4:03 pm on

20  November 28, 2012.  Although the evidence of internet activity shows that hours, if not

21  days, separated each defendant's allegedly infringing conduct, plaintiff alleges that all

22  forty-three defendants participated in a single "swarm" utilizing interactive peer-to-peer

23  file transfer technology protocol called a BitTorrent to illegally copy and share "The

24  Ledge."  Plaintiff affirmatively alleges that the "swarm" aspect of the file-sharing justifies

25  joinder of these disparate defendants in a single lawsuit.

26

ORDER TO SHOW CAUSE AND
QUASHING SUBPOENAS - 1

On March 27, 2013, the Court granted plaintiff's motion to initiate early discovery, including the issuance of subpoenas under Fed. R. Civ. P. 45 to internet service providers, in an attempt to identify each Doe defendant. No defendants have filed objections to the subpoenas. Despite the fact that more than six weeks have elapsed since discovery was authorized, there is no indication that any defendants have been served, nor has plaintiff amended its complaint to identify the Doe defendants.

All BitTorrent cases filed in the Western District of Washington have been referred to the undersigned for pretrial handling. As the full extent of this assignment has become clear, the Court admits to some concerns regarding both the appropriateness of joinder and the possibility that the judicial authority of the United States may be used to wrest improvident settlements from pro se litigants under threat of huge statutory penalties. The Court is not alone: other judicial officers in the Ninth Circuit are beset by the same concerns and have taken various paths to mitigate the potential for abuse. See, e.g., Ingenuity 13 LLC v. John Doe, No. 2:12-cv-9333-ODW(JCx) (C.D. Cal. May 6, 2013); Voltage Pictures, LLC v. Does 1-12, No. 2:13-292-AA (D. Or. May 4, 2013).

Having reviewed the record in this and related cases as well as the relevant case law, it is hereby ORDERED as follows:

1. Any and all subpoenas issued in the above-captioned matter are hereby QUASHED. Plaintiff shall immediately notify the subpoena recipients that they need not respond.

2. To the extent plaintiff has obtained identifying information regarding one or more Doe defendants, whether through the service provider, defendant, or another source, it shall not utilize that information in any way. If plaintiff has already contacted one or more of the defendants, it shall file under seal all correspondence or other written communications (including emails) sent to defendants and a summary of any oral

1 communications. Plaintiff shall refrain from any further oral or written communications
2 with defendants unless expressly approved by the Court in advance.

3       3. Plaintiff shall, within fourteen days of the date of this Order, show cause why
4 the above-captioned matter should not be dismissed as to all defendants other than Doe 1
5 for improper joinder and/or pursuant to the Court's inherent authority to control its
6 docket.

7       4. Plaintiff shall, within fourteen days of the date of this Order, provide additional
8 information regarding (a) The Ledge Distribution LLC's ownership of the copyright at
9 issue and (b) The Ledge Distribution LLC's direct and indirect members/owners/
10 stakeholders. Plaintiff shall provide a copy of any and all transfer statements and/or
11 work-for-hire contracts supporting a determination that The Ledge Distribution LLC has
12 standing to pursue this action. Plaintiff shall also supplement the corporate disclosure
13 statement filed in this action (Dkt. # 2) by providing the registration information for
14 Foresight Unlimited, LLC maintained by the Secretary of State and identifying all
15 members/owners/stakeholders of Foresight Unlimited, LLC, both direct and indirect, in
16 the form of an organizational tree that reaches back far enough to reveal all individual
17 members/owners/stakeholders and publicly-traded corporations.

18       5. With the exception of the actions specifically set forth in this Order, the above-
19 captioned matter is hereby STAYED.

20         The Clerk of Court is directed to place this Order to Show Cause on the
21 Court's calendar for Friday, May 24, 2013.

23         Dated this 10th day of May, 2013.

24                         *signature*
25                         Robert S. Lasnik
                           United States District Judge

ORDER TO SHOW CAUSE AND
QUASHING SUBPOENAS - 3