Jerry and Wendy Mulder
5601 – 219th Place SW
Mountlake Terrace, Washington 98043
425-774-3494 • powersupply01@yahoo.com

May 16, 2013

FILED
LODGED
RECEIVED
MAIL

MAY 20 2013

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                         DEPUTY

Clerk
U.S. District Court
700 Stewart Street, Suite 2310
Seattle, Washington 98101

Reference:   Case No. C13-0328RSM-RSL, The Ledge Distribution, LLC v. DOES 1-43; Points of Concern/Interest About it Specifically, and Other Similar Types of Cases in General

Dear Court, Dear Judge Lasnik,

**If at all possible, will you ask The Honorable Robert S. Lasnik to read this letter personally?**

This letter is merely provided as information, since this time there is no petition nor request of any kind, as we did in two previous cases. We understand the information contained in this letter will be added to the applicable referenced case file.

After two previous attempts to explain identical circumstances, we now also have much more additional and possibly-related information that will hopefully provide the Court with data that may be of some help now, and in future cases of this type.

Our origins for claiming innocence in this and two prior identical cases filed by Frontier Law Group are totally different than the one recently ruled on by Judge Lasnik, Case No. C13-0050RSL, R&D FILM 1, LLC v. DOES 1-46.

Having discovered that, we first do wish to take the opportunity to commend Judge Lasnik for using real-world, insightful and referenced prior-case information justification, when he quashed (stayed) all Subpoenas in Case No. C13-0050RSL, R&D FILM 1, LLC v. DOES 1-46, signed by Judge Lasnik on May 9, 2013. Judge Lasnik made identical determinations in Case No. C13-0318RSL, ZEMBEZIA FILM LTD. v. DOES 1-57, as well as most recently in Case No. C13-0328RSM-RSL, The Ledge Distribution, LLC v. DOES 1-43.

If current or future cases of its kind (copyright infringement related) that may still be pending, where our IP address was "tagged," and end up as actual in-person court appearance(s), our previous explanations have been and will remain the same. This is in reference to a technical problem, when our open/unprotected wireless router was used by person(s) unknown, ████████████████████████████, to gain Internet access without our knowledge and without our permission for use with regard to alleged copyright infringement.

*We have since remedied that situation. My wife Wendy does not use the Internet. As far as we know, I (Jerry) am now the only one who is able to access the Internet via our protected wireless router at this time, still retaining the same static IP Address 76.121.42.83.*



1

13-CV-00328-JGM

"We are now even more confident to discover how 'uploading or downloading content without permission' via our IP Address took place. As far back as May of 2012, possibly even much earlier, we had several problems with our personally-owned Linksys/Cisco wireless router locking-up. It needed to be totally reset a number of times. We did not fully realize/remember, that this procedure also removed any existing network protection I (Jerry) had specified years prior. Until April 14, 2013, we apparently operated our home WI-FI system for many months without (any) security at all. Any computer or other device that accesses the Internet via our router would also be assigned static IP address 76.121.42.83. As a test, using 2 separate laptop computers, we additionally verified this to be the case. Both showed that same IP address when accessing the Internet via our wireless router. During those many months, anyone with a computer (including most laptops) within signal range with wireless capability would furthermore have free and surreptitious access to our WI-FI and be able to go on the Internet at will. All this would be taking place without our permission, without our knowledge and without prior warning to us. We are physically surrounded by several WI-FI networks within signal range of our home (1-3 signal strength bars), any one of which could have accessed the Internet via our system. Even someone with a laptop driving into our cul-de-sac would likely have been able to access our wireless router during that time. I (Jerry) have since downloaded and installed the newest firmware revision on our router."

*Since we have also re-instated WPA2-Personal security on our router using a different "strong" password, we find it rather interesting, that our apparent Internet speed has just about consistently doubled since locking-down our WI-FI. That is to say, twice faster, starting on or about April 14, 2013, when surfing from one web page to another, downloading legal photo attachments from our e-mail, retrieving our personal bank statements, etc.*

*We surmise the reason is, because now that we have our router protected, I (Jerry) am the only one who has bonafide access to the Internet via our static IP address. The fewer people are on-line to the Internet via our router/IP address, the faster the speed is.*

**I (Jerry) have also performed a complete system scan to check for viruses, trojans and other malware.**

The attached Frontier letter, dated April 22, 2013, was sent via standard USPS snail mail, non-Certified, non-Registered. **The way things appear now, with the threatening-tone verbiage Frontier uses in its "pay up or else" form letter sent directly to our home address,** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮---*there is something very much wrong with this picture!* Things like this should not be happening. In other countries, perhaps, but not in the United States of America!

*We have not even been specifically identified as "real" defendants by name in a court case, yet already we are cajoled into settling for **thousands of dollars** to admit guilt to alleged copyright infringements which we did not commit.*

*We have included an annotated and printed copy of the Frontier form letter for the Court's edification on Pages 5 and 6 of this letter.*

Even though I (Jerry) *already gave rather compelling and truthful explanations twice of our circumstance* (including a fair amount of detailed information) as to how our IP address may have been "tagged," Plaintiff's attorney has nevertheless decided to totally disregard the information provided in our prior requests to quash the Subpoenas.

2

Something else that's very puzzling (and disturbing) has come to our attention very recently:

For the referenced Zembezia and R&D cases, we requested via Certified US Postal Service letter that the Court quash those two Subpoenas. As soon as we had verification that the Court had received our petitions, we sent fax transmissions, as instructed, to Comcast Legal Response Center **well before its stated deadlines**, to prove that the Court had been petitioned by us. As part of this letter, we have included U.S. Postal Service receipts and sent-faxes proof that all of these actions took place. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, (May 6, 2013, and May 10, 2013, respectively), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, we received a letter from Frontier Law Group PLLC, ▮▮▮▮▮▮▮▮▮▮▮▮, stating that our ISP (Comcast) had **already** provided our personal information to Frontier.

**Is this how things are supposed to work?** *Had we not done anything at all, by **not** requesting the quashes, would Comcast not at least have waited until its own stated deadlines, before providing our personal information to Plaintiff's attorney, or taken a different course if the Court had ruled otherwise?*

*Was a procedural process not followed (correctly) by Comcast? Did Comcast "jump the gun" by releasing our personal information prematurely? Did Comcast "accidentally leak" our personal information? We cannot help but wonder about these things.*

*We hope the Court will investigate this matter further, or else mention to us how we may be amiss in this situation.*

**Please see farther down on Pages 7-12 for verification information that the Court had received both prior Subpoena quash requests, and that Comcast was duly notified in both instances, well before its own stated deadlines.**

*We were able to find a number of instances where open WI-FI access was used in identical circumstances involving alleged copyright infringement. We have maintained from the beginning, **and continue to do so now**, that it was not we who uploaded/downloaded movies/content without permission. The following hyperlinks illustrate how situations as the one we find ourselves in, are all too common, and happen all too often.*

We have also included a CD-ROM disc with an Acrobat PDF file named **hyperlinks01.pdf** which contains below-listed clickable hyperlinks. If it wishes to do so, it will allow the Court to more easily visit those links for detailed perusal.

**TORRENTLAWYER™ - EXPOSING COPYRIGHT TROLLS AND THEIR LAWSUITS:**
https://torrentlawyer.wordpress.com/

http://www.techdirt.com/articles/20060320/1636238.shtml

http://www.coshoctontribune.com/article/20091109/UPDATES01/91109015/Illegal-movie-download-forces-shutdown-free-Wi-Fi

http://ask.metafilter.com/209227/Can-downloads-be-traced-to-a-computer-using-an-open-wireless-network

What follows is an interesting and timely excerpt about the Definition of Copyright Infringement as to Bittorrent Downloads in the State of California, also referenced in above-listed TorrentLawyer™ website. These California rules are likely to be adopted nationwide soon in one form or another, *noting how untold number of families, **including my wife Wendy and I**, have been totally devastated (unable to eat, unable to sleep, just barely functional, etc.) by how these thousands of trolling lawsuits using their intense threats are being implemented, and are being brought against innocent defendants.* Please note ▮▮▮▮▮ in particular:

**RULE 3. BEFORE SUING A DEFENDANT FOR COPYRIGHT INFRINGEMENT, YOU MUST DO A "REASONABLE INVESTIGATION" TO DETERMINE THAT IT WAS THE NAMED DEFENDANT WHO DID THE DOWNLOAD,** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"

> We are not aware that Frontier Law Group PLLC has done an(y) "reasonable investigation" to investigate **RULE 3,** or a similarly-worded rule which currently may apply in the State of Washington. In our estimation, RULE 3 applies to us very closely, since this has been our stance from the very beginning, and we have provided additional information to illustrate what had happened.
>
> In its form letter to us, Frontier accusatorily states in Paragraph 2 on Page 1, "According to our records, you have placed a media file which contains the copyright-protected film content for our client's motion picture……." This is a specific instance, where Frontier matter-of-factly makes an accusation of wrong-doing **before the fact**, without "reasonable investigation" to try and first discover the real identity of alleged wrong-doer(s). One merely needs to go back to all factual explanations we have already given and check the information provided.

**"Jerry Mulder and Wendy Mulder are innocent of uploading or downloading content without permission," as incorrectly and unfairly implied in the lawsuit accusation by The Ledge Distribution, LLC.**

We will be happy to provide any other relevant information the Court requests.

Thank you.

Respectfully,

*Jerry P. Mulder*          *Wendy L. Mulder*

Attachments:   Frontier Law Group PLLC letter, dated April 22, 2013
               CD—ROM with Adobe Acrobat file clickable hyperlinks showing applicable content to copyright infringement cases

4


Apr 23 2013
JPM


**FRONTIER LAW GROUP**
———PLLC———

1001 4th Avenue, Suite 3200　　　　　　　　　　　　　　　　info@frontierlawgroup.net
Seattle, WA 98154　　　　　　　　　　　　　　　　　　　　　phone: 253-234-7354

Monday, April 22, 2013

Jerry and Wendy Mulder
5601 219th Pl. SW
Mountlake Terrace, WA 98043

**RE: COPYRIGHT INFRINGEMENT – (Settlement Purposes Only)**

Civil Action No. 13-00318 and 13-00050 - U.S. Federal District Court for the Western District of Washington
Plaintiff: Zambezia Film (Pty.) Ltd. and R&D Film 1
Your IP Address: 76.121.42.83
Date of Alleged Infringement: 11/8/2012 and 11/14/2012

Dear Mr. and Mrs. Mulder,

Our law firm has filed a Federal copyright infringement lawsuit in the U.S. District Court for the Western District of Washington on behalf of our client, Zambezia Film (Pty.) Ltd. The suit was filed against 46 and 57 Doe Defendants respectively. We subsequently obtained identifying contact information for many of these Defendants from their Internet Service Providers (ISPs). Your contact information was supplied to us by your ISP as one of the Defendants who has illegally obtained or shared our client's copyrighted motion picture through a peer-to-peer network *[Vuze, BitTorrent etc.]*. We are sending you this letter as a courtesy before we are required to take more formal legal action which would involve adding you as a named Defendant to the lawsuit.

According to our records, you have placed a media file which contains the copyright-protected film content for our client's motion picture entitled *Adventures in Zambezia* and *The Divide* in a shared folder location enabling others to download copies of this content. In addition, we know the bit torrent software that was used to download the film and have obtained the file name of the movie, the file name and time of download, all corresponding to an IP address that was assigned to your ISP account at the time the infringing activity occurred.

Copyright infringement (in this case obtaining a film without paying for it or sharing a film with others who have not paid for it) is a very serious problem for the entertainment industry. The law provides protection for copyright owners through the Federal copyright statute found at 17 U.S.C. §§ 501-506, which allows the copyright owner to impound your material, recover their attorney's fees, and seek damages of up to $150,000 per work, depending on the circumstances surrounding the infringement. While it is too late to undo the illegal file sharing you have already done, we have prepared an offer to enable the rights holder to recoup the damages incurred by your actions, and defray the costs of preventing this type of activity in the future.

In exchange for a comprehensive release of all legal claims which will enable you to avoid becoming a named Defendant in the lawsuit, our firm is authorized to accept the sum of **$2,500** as full settlement for its claims. **This offer will expire at 5pm PST on May 25, 2013**. Thereafter, our client will accept no less than the sum of **$5,000** to settle this matter. In addition, you must remove the file from the shared folder or

location where our client's film can be shared or copied within three (3) days of paying a settlement. If you have chosen not to settle this case, we may add you to the list of defendants to be served with a lawsuit.

Essentially, you can avoid being named as a Defendant in the lawsuit if you act before May 25, 2013. You may pay the settlement amount by (a) mailing a check made out to Frontier Law Group, PLLC and mailed to our address at **1001 4th Avenue, Suite 3200 Seattle, WA 98154** along with a Release & Settlement Agreement which can be requested by e-mailing info@frontierlawgroup.net or you may settle (b) by credit card by requesting a credit card payment form by emailing info@frontierlawgroup.net. If you have further question you can call our settlement paralegal **Lorri Day at 253-234-7354**. Once we have processed the settlement, we will return to you a confirmation by email that your payment has been processed and you have been released from the lawsuit. You may also want to check out answers to our Frequently Asked Questions which we have prepared at www.frontierlawgroup.wordpress.com to learn more about your options.

We look forward to resolving this without further action on our part, however if you do not comply with the above requests we may be forced to name you as a Defendant to the lawsuit and proceed directly against you on behalf of our client. If forced to do so, our client will be seeking to recover the maximum amount of fees provided under the Copyright Act for copyright infringement. Because torrent file-sharing requires *deliberate* action by the uploader or downloader of a movie, we may be able to prove that your actions were intentional, rather than just negligent. In the event we are able to prove that the infringement was intentional, our client will be seeking the maximum statutory damages allowed by the Copyright Act in the amount of $150,000 per infringement, attorneys' fees and costs.

We feel that in light of the verdicts awarded in recent cases, our client's $2,500 settlement offer is extremely reasonable. For example, in the case of Sony BMG Music Entertainment v. Tenenbaum (D. Mass.) [1:07-cv-11446], a $675,000 jury verdict against a Boston University graduate student for illegally downloading and sharing 30 songs was recently upheld. This means that the jury awarded $22,500 per illegally-shared song. We think that by providing our Doe Defendants an opportunity to settle our client's claim for $2,500 instead of having to incur thousands of dollars in attorneys' fees and being at risk for a high jury verdict, our client is acting reasonably and in good faith.

You have been on notice of our claim since you received the notice from your ISP that we subpoenaed your information. *Please consider this letter to constitute formal notice that until and unless we are able to settle our client's claim with you, we demand that you not delete any media files from your computer.* If forced to proceed against you in the lawsuit, we may have a computer forensic expert inspect your computer in an effort to locate the subject movie file, or to determine if you have deleted any media files since receipt of the notice of the subpoena from your ISP. If in the course of litigation the forensic computer evidence suggests that you did delete media files following receipt of the letter from your ISP, our client will amend its complaint to add a spoliation of evidence claim against you. Be advised that if we were to prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney and review the following cases: Paramount Pictures Corp. v. Davis, 234 F.R.D. 102, 77 U.S.P.Q.2d 1933 (E.D. Pa. 2005); U.S.C.A. Arista Records, L.L.C. v. Tschirhart, 241 F.R.D. 462 (W.D. Tex. 2006); and U.S. ex rel. Koch v. Koch Industries, Inc., 197 F.R.D. 488 (N.D. Okla. 1999).

**We strongly encourage you to consult with an attorney to review your rights and risk exposure in connection with this matter.** We thank you in advance for your anticipated cooperation in this matter, and we look forward to resolving our client's claim against you in an amicable fashion, through settlement.

Sincerely,

*Richard J. Symmes*
Attorney for Zambezia Film Pty. Ltd. and R&D Film 1, LLC



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

April 4, 2013

**Personal and Confidential**

**Via UPS & USPS Delivery**

JERRY & WENDY MULDER
5601 219TH PL SW
MOUNTLAKE TERRACE, WA 98043-3143

JERRY & WENDY MULDER
PO BOX 562
MOUNTLAKE TERRACE, WA 98043

Re: *Zembezia Film Ltd. v. Does 1-57*
United States District Court for the Western District of Washington
Docket No.: 2:13-cv-00318
Order Entered: February 22, 2013
Comcast File #: 456765

Dear Jerry & Wendy Mulder :

Zembezia Film Ltd. has filed a federal lawsuit in the United States District Court for the Western District of Washington. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Zembezia Film Ltd.'s copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 76.121.42.83 on 10/20/12 05:49:40 AM GMT. The court has ordered Comcast to supply your name, address and other information to Zembezia Film Ltd. in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 2:13-cv-00318 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than May 6, 2013**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than May 6, 2013**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments: Copy of Subpoena and accompanying Court Order regarding civil action

## Via U.S. Postal Service™ Certified Mail™ request to quash or vacate Subpoena in Case No. C13-0318RSL, ZEMBEZIA FILM LTD. v. DOES 1-57



```
========================================
         MOUNTLAKE TERRACE P.O.
      MOUNTLAKE TERRACE, Washington
                980439998
              5476210257-0096
   04/17/2013 (800)275-8777 12:55:14 PM
========================================
=============== Sales Receipt ==========
Product            Sale Unit      Final
Description        Qty  Price     Price
----------------------------------------
SEATTLE WA 98101                  $0.46
Zone-1 First-Class
Letter
 0.50 oz.
 Expected Delivery: Thu 04/18/13
 ## Certified                     $3.10
 Label #:      70123050000051707934
                                  -------
 Issue PVI:                       $3.56

                                  =======
Total:                            $3.56

Paid by:
Cash                              $5.00
Change Due:                      -$1.44
```



# Track & Confirm

| GET EMAIL UPDATES | PRINT DETAILS |

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70123050000051707934 | First-Class Mail® | Delivered | April 18, 2013, 12:08 pm | SEATTLE, WA 98101 | Expected Delivery By: April 18, 2013<br>Certified Mail™ |
| | | Arrival at Unit | April 18, 2013, 9:15 am | SEATTLE, WA 98101 | |
| | | Depart USPS Sort Facility | April 18, 2013 | SEATTLE, WA 98168 | |
| | | Processed at USPS Origin Sort Facility | April 18, 2013, 12:51 am | SEATTLE, WA 98168 | |
| | | Dispatched to Sort Facility | April 17, 2013, 1:18 pm | MOUNTLAKE TERRACE, WA 98043 | |
| | | Acceptance | April 17, 2013, 12:54 pm | MOUNTLAKE TERRACE, WA 98043 | |

Please see next page for applicable Fax cover page information.



| | |
|---|---|
| To: | Comcast Legal Response Center |
| Fax number: | 866-947-5587 |
| From: | Jerry P. Mulder |
| Fax number: | 206-202-4409 |
| Business phone: | |
| Home phone: | 425-774-3494 |
| Date & Time: | 4/22/2013 9:47:05 AM |
| Pages: | 7 |
| Re: | Comcast File #456765 |

Case No. C13-0318RSL, Zembezia Film Ltd. v. DOES 1-57

Page 1 of 1

April 22, 2013

RE:  Comcast File #456765

Dear Comcast Legal Response Center:

Attached, please see our letter to the U.S. District Court, dated April 17, 2013, consisting of the Subpoena quash request to referenced Case No. C13-0318RSL, Zembezia Film Ltd. v. DOES 1-57.

Kindly note, that USPS Certified Mail tracking #7012 3050 0000 5170 7934 was received by the Court on 04/18/2013 at 12:08 pm, 18 days before Comcast's stated deadline of May 6, 2013.

Regards,


Jerry P. Mulder
5601 – 219th Place SW
Mountlake Terrace, WA 98043
425-774-3494
powersupply01@yahoo.com

REC'D 04/17/2013



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

April 10, 2013

**Personal and Confidential**

**Via UPS & USPS Delivery**

JERRY & WENDY MULDER          JERRY & WENDY MULDER
5601 219TH PL SW              PO BOX 562
MOUNTLAKE TERRACE, WA 98043-3143   MOUNTLAKE TERRACE, WA 98043-0562

Re:   *R & D Film 1, LLC v Does 1-46*
      United States District Court for the Western District of Washington
      Docket No.: 2:13-cv-00050
      Order Entered: February 14, 2013
      Comcast File #: 456796

Dear Jerry & Wendy Mulder:

    R&D Film 1, LLC has filed a federal lawsuit in the United States District Court for the Western District of Washington. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing R&D Film 1, LLC's copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 76.121.42.83 on 11/14/12 06:31:43 AM GMT. The court has ordered Comcast to supply your name, address and other information to R&D Film 1, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 2:13-cv-00050 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

    Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than May 10, 2013**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than May 10, 2013**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

    If you have legal questions about this matter, please contact an attorney.

                  Sincerely yours,

                    Comcast Legal Response Center

Attachments:   Copy of Subpoena and accompanying Court Order regarding civil action

## Via U.S. Postal Service™ Certified Mail™ request to quash or vacate Subpoena in Case No. C13-0050RSL, R&D FILM 1, LLC v. DOES 1-46



```
==========================================
         MOUNTLAKE TERRACE P.O.
       MOUNTLAKE TERRACE, Washington
                 980439998
               5476210257-0096
    04/18/2013 (800)275-8777 11:58:25 AM
==========================================
============== Sales Receipt =============
Product            Sale Unit      Final
Description        Qty  Price     Price

SEATTLE WA 98101                  $0.46
Zone-1 First-Class
Letter
 0.50 oz.
 Expected Delivery: Fri 04/19/13
 @@ Certified                     $3.10
 Label #:        70123050000051707989
                                ========
 Issue PVI:                       $3.56

                                ==========
 Total:                           $3.56

 Paid by:
 Cash                            $20.56
 Change Due:                    -$17.00
```

### USPS.COM

Search USPS.com or Track Packages

Quick Tools | Ship a Package | Send Mail | Manage Your Mail | Shop | Business Solutions

## Track & Confirm

GET EMAIL UPDATES | PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70123050000051707989 | First-Class Mail® | Delivered | April 19, 2013, 1:49 pm | SEATTLE, WA 98101 | Expected Delivery By: April 19, 2013 Certified Mail™ |
| | | Arrival at Unit | April 19, 2013, 9:29 am | SEATTLE, WA 98101 | |
| | | Depart USPS Sort Facility | April 19, 2013 | SEATTLE, WA 98168 | |
| | | Processed at USPS Origin Sort Facility | April 19, 2013, 1:02 am | SEATTLE, WA 98168 | |
| | | Dispatched to Sort Facility | April 18, 2013, 1:19 pm | MOUNTLAKE TERRACE, WA 98043 | |
| | | Acceptance | April 18, 2013, 11:57 am | MOUNTLAKE TERRACE, WA 98043 | |

Please see next page for applicable Fax cover page information.

4/22/2013 9:57 AM   FROM: Fax   TO: +1 (866) 947-5587   PAGE: 001 OF 007



| To: | Comcast Legal Response Center |
|---|---|
| Fax number: | +1 (866) 947-5587 |
| From: | Jerry P. Mulder |
| Fax number: | 206-202-4409 |
| Business phone: | |
| Home phone: | 425-774-3494 |
| Date & Time: | 4/22/2013 9:57:22 AM |
| Pages: | 7 |
| Re: | Comcast File #456796 |

Case No. C13-0050RSL, R&D FILM 1, LLC v. DOES 1-46

4/22/2013 9:57 AM   FROM: Fax   TO: +1 (866) 947-5587   PAGE: 002 OF 007

Page 1 of 1

April 22, 2013

RE: Comcast File #456796

Dear Comcast Legal Response Center:

Attached, please see our letter to the U.S. District Court, dated April 18, 2013, consisting of the Subpoena quash request to referenced Case No. C13-0050RSL, R&D FILM 1, LLC v. DOES 1-46.

Kindly note, that USPS Certified Mail tracking #7012 3050 0000 5170 7989 was received by the Court on 04/19/2013 at 1:49 pm, 21 days before Comcast's stated deadline of May 10, 2013.

Regards,

Jerry P. Mulder
5601 - 219th Place SW
Mountlake Terrace, WA 98043
425-774-3494
powersupply01@yahoo.com

REC'D 04/25/2013



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

April 22, 2013

**Personal and Confidential**

**Via UPS & USPS Delivery**

JERRY & WENDY MULDER       JERRY & WENDY MULDER
5601 219TH PL SW           PO BOX 562
MOUNTLAKE TERRACE, WA 98043-3143    MOUNTLAKE TERRACE, WA 98043

Re:   *The Ledge Distribution, LLC. v. Does 1-43*
      United States District Court for the Western District of Washington
      Docket No.: 2:13-cv-00328
      Order Entered: March 26, 2013
      Comcast File #: 462586

Dear Jerry & Wendy Mulder:

The Ledge Distribution, LLC has filed a federal lawsuit in the United States District Court for the Western District of Washington. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing The Ledge Distribution, LLC's copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 76.121.42.83 on 11/21/2012 10:52:44 PM GMT. The court has ordered Comcast to supply your name, address and other information to The Ledge Distribution, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 2:13-cv-00328 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than May 22, 2013**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than May 22, 2013**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments:   Copy of Subpoena and accompanying Court Order regarding civil action



Hyperlinks disc
hyperlinks o1.pdf